## Henry *against* Oves.

In an action to recover a book account, proof that the defendant drew a check on a bank in favour of the plaintiff or bearer, together with the books of the bank, showing that a check was credited on the same date, for the same amount, to the plaintiff, should be received in evidence.

Under what circumstances a book of accounts between the parties to a suit may be given in evidence, and the effect of an account made out by one party and delivered to the other, and retained by him with or without objection, is here considered.

ERROR to the common pleas of *Dauphin* county.

This was an action of debt on book account by Abraham Oves, surviving partner of Jacob Miller, against the administrators of Gawin Henry deceased, in which the following evidence gave rise to the points determined.

Peter Miller, being duly sworn, said : " This is the book of original entries of Oves and Miller. I was clerk of that firm" (upon which the account was given in evidence, except cash entries). The plaintiff then offered an account produced by defendants on notice. Peter Miller further said, "I was present whenthis account was made out. It was delivered to Gawin Henry ; he said he would take it home and examine it. He came afterwards and sold plaintiff some cheese. He frequently afterwards said he would pay the account delivered to him, but never did. I lived with Oves until 1826. I heard Oves ask Henry for the account within three years previous to 1828, and Henry said he would pay it. Oves at length said he would sue him."

The defendant then called Joel Bailey, who said : "I had to get fifty cords of wood from Gawin Henry ; did not get it till 1820. Oves & Miller, and Henry met and squabbled about settlement. Henry told them he did not owe them a cent; they might sue him as soon as they pleased. This was about October 1820. He said they were in his debt. They wanted wood of him. This wood they wanted was on some contract with Henry. Henry said he had given them more wood than he was to give them. He said he had delivered it at the time agreed on. They said he had not. They talked about other accounts, and Henry said he did not owe them a cent; they might sue him as soon as they pleased, and then they would have a fair settlement."

The defendant then further offered to prove a check in the following words:

" $60 00.                                          April 1, 1818.

" Cashier of the Harrisburg Bank, pay Abraham Oves or bearer 60 dollars.

" GAWIN HENRY."

[Henry v. Oves.]

Which check was paid and cancelled at the Harrisburg Bank, accompanied with the testimony of the first teller in the said bank, that a 60 dollar check is credited in the scratcher or cash book of said bank to the credit of Abraham Oves, on the 1st of April 1818, and that no other check on that bank for 60 dollars was paid on that day to any other person; accompanied with the proof of the hand-writing of Gawin Henry, to which the plaintiff objected, and the offer was overruled by the court; to which opinion of the court the defendant excepted.

The plaintiff then on his part offered a book concerning certain wood, with proof of settlement between plaintiff and Gawin Henry, to explain and rebut Bailey's testimony, which was objected to by the defendant as irrelevant, and the objection overruled by the court; to which opinion of the court the defendant excepted.

*H. Alricks*, for plaintiff in error, cited, Patton *v.* Ash et al., 7 *Serg. & Rawle* 125; 3 *Esp. R.* 196; Weilder *v.* Farmer's Bank of Lancaster, 11 *Serg. & Rawle* 134; Coe *v.* Hutton, 1 *Serg. & Rawle* 398; Kendall *v.* Lee, 2 *Penns. Rep.* 482; Philadelphia Bank *v.* Officer, 12 *Serg. & Rawle* 49; 1 *Stark. Ev.* 319.

*M'Cormick*, for defendant in error, cited, 1 *Stark. Ev.* 298; 2 *Saund. Pl. Ev.* 748; Commonwealth *v.* Woelper, 3 *Serg. & Rawle* 32; Fleming et al. *v.* Wallace, 2 *Yeates* 120; 1 *Phil. Ev.* 337.

The opinion of the Court was delivered by

HUSTON, J.—A witness was called who proved a book of original entries, which was given in evidence, except entries of cash, though no small part of it is composed of items, such as have not been the subject of proof by a book of original entries; no exception was taken however. The plaintiff then proved notice to the defendant to produce a copy of this account furnished in 1820, and on the production of it, that was read by the plaintiff. Defendant then called a witness who proved, that in 1820, Gawin Henry, then alive, denied the justice of this account, said he did not owe the plaintiffs a cent, and told them to sue him, and that they were in his debt.

After some witnesses were called, and proof given about particular items, the defendant offered a check in the following words:

"April 1, 1818.

" Cashier of Harrisburg Bank, pay Abraham Oves or bearer 60 dollars.

" GAWIN HENRY."

Together with proof that it was paid at the Harrisburg Bank; and the testimony of the first teller of the said bank, that a 60 dollar check is credited in the scratcher or cash book of said bank to the credit of Abraham Oves, on the 1st of April 1818, and that no other check for 60 dollars was paid on that day to any other person; accompanied with proof of the signature to it, as the handwriting of Gawin Henry.

[Henry v. Oves.]

The offer, like many other things in this record, is not the most explicit: it does not state whether the first teller, whose testimony was offered, was the person who made the entries in the cash book. The whole was objected to and rejected, and exception taken; and the matter was argued here on the ground, that the whole offer was inadmissible, even if the clerk who made the entries was called to prove them, as being an entry by a third person, and no evidence between these parties.

The question is one of some difficulty, and perhaps in some respects of novelty. In the Philadelphia Bank *v.* Officer, 12 *Serg. & Rawle* 49, we have a case in which there was an offer to read the books of the Bank of Washington, as evidence between these parties: they were rejected, and the decision of the court sustained. Afterwards the bank book of the defendant with the Washington Bank, produced on notice, was given in evidence, and it seems to be conceded by the counsel and court, that if the bank book of the defendant had been offered before or together with the books of the Bank of Washington, the decision ought to have been, to admit them. The check of the same date and amount, with the fact, that on that day a check for 60 dollars was credited to A. Oves, and that no other check of that precise amount was paid by the bank on that day, makes a case which ought to have gone to the jury, as some evidence that so much was paid by the defendant to the plaintiff at that time; liable, however, to be rebutted by evidence on the other side. Let it be distinctly understood, that we do not decide that a check to a man *or bearer* is *of itself* evidence of a payment to that man; nor that the entry in the books of a bank, of itself, without other evidence, is to be admitted as proof between third persons; but that it may become so, aided by parol or written proof connecting such entry with the parties. So in other cases: A sues B for money, B offers proof that C paid money to A; this is no evidence, but may become so by proof that C paid it to A at the request of or on the order of B, and in fact that it was a payment by B to A, through the hands of C.

This subject has engaged the attention of other courts and of writers on the law of evidence. In Nicholl *v.* Webb, 8 *Wheat.* 326, we find the following as the opinion of the supreme court of the United States: "We think it a safe principle, that memoranda made by a person in the ordinary course of his business, of acts or matters which his duty in such business requires him to do for others, in case of his death, are admissible as evidence of the acts or matters so done. The handwriting of such person being proved, if he is dead, or out of the state, or he being produced for cross-examination, if within reach of the process of the court; liable, however, to be impugned by other evidence, or to be rebutted by any presumptions or facts which diminish its weight." See also 3 *Esp. Rep.* 398; 1 *Stark. Ev.* 318, 319.

To understand the next bill of exceptions, we must go back and

[Henry v. Oves.]

state the circumstances under which the question arose.　The plaintiff had given notice to the defendant to produce a copy of the plaintiff's account, made out and delivered to the defendant as the plaintiff alleged in 1820, and this was produced and read by the plaintiff, under the idea that an account against a party rendered to him and retained, and no objection made to it, was an admission of the correctness of the account, and superseded the necessity of other proof of any of the items.　Without disputing the existence or correctness of this rule, (which in many cases, when applied to common farmers or mechanics not accustomed to regular accounts, may produce great injustice, and ought to be received with some restriction) the defendant called a witness who proved, that in the autumn of 1820, and soon after the account purported to have been made out and delivered, Gawin Henry, and Oves & Miller met in presence of the witness, " and squabbled about settlement.　Henry told them, he did not owe them a cent, they might sue him as soon as they pleased; this was in October 1820."　On his cross examination, witness said, " they wanted wood of him; this wood they wanted was on some contract with Henry; Henry said he had given them more wood than he was to give them; he said he had delivered it at the time agreed on; they said he had not; *they talked about other accounts, and Henry said he did not owe them a cent;* they might sue him as soon as they pleased, and then they would have a fair settlement." The plaintiff then offered a book concerning certain wood, with proof of settlement between the plaintiff and Gawin Henry, to explain and rebut Bailey's testimony : objected to, and objection overruled and excepted.

I do not find enough in the cause to say whether there was error in admitting this testimony.　If the conversation at which Bailey was present, related to the wood account alone, and that could be proved by production of the books containing the wood account, and proof that it had been all settled, it was one thing.　If the conversation witnessed by Bailey referred to the wood account and *other accounts,* if it referred to the very account now in suit, it was another. And I do not see how the court could decide on the matter; it was parol evidence; we have not the charge of the court to the jury, and I do not suppose there was error in it.　If the jury believed the denial of Henry of the justice of the plaintiff's account, related solely to the wood account, then by the general rule, the acceptance of the plaintiff's account sued for in this suit, and retaining it, and no objection to it, would amount to an admission that it was correct.　But if the denial of the justice of the plaintiff's account related to the account now in suit, or to it and the wood account both, then it does not come within the rule, and it is not an account received and retained, and no objection made to it; it would be an account received and objected to and denied : no case says the ojection must be in writing.　If, then, it was objected to and denied, the plaintiff can only recover such parts of the account as, being subject of book

[Henry v. Oves.]

account, are proved by the books and such other items as are established by legal proof; and he will derive no support to his claim from having delivered a copy of the account to the defendant's intestate ; all of which must be decided by the jury; as well as, whether the testimony takes the case out of the statute of limitations.

If the jury believe that the testimony proves a promise to pay within six years, yet that promise only covers such part of the account as is supported, as justly due, by other proof, evidence that a man promised to pay a book account due more than six years before, unless the books were before the parties, and the promise is proved to be made with reference to that precise sum, will not enable the plaintiff to recover more than is proved by legal evidence was due when the promise was made.

But on the first bill of exceptions, the judgment must be reversed. Judgment reversed, and a *venire de novo* awarded.